JOHN W. WALKER v. EDITH MAE WALKER.

(Filed 27 June, 1931.)

1. **Divorce A a—Evidence on issue of adultery held competent and sufficient to be submitted to the jury.**

In this case *held:* testimony on the issue of adultery was competent and sufficient to be submitted to the jury in the plaintiff's action for divorce, the defendant introducing no evidence in rebuttal.

2. **Appeal and Error J d: J e—Burden is on appellant to show prejudicial error.**

Error will not be presumed and the burden is on the appellant to show not only that error was committed in the trial below, but that the error was material and prejudicial.

APPEAL by defendant from *Moore, J.,* and a jury, at January Term, 1931, of CHEROKEE. No error.

This is a civil action for divorce. The issues submitted to the jury and their answers thereto, were as follows:

"1. Were the plaintiff and defendant married as alleged in the complaint? Answer: Yes.

2. Has the plaintiff been a resident of the State of North Carolina for two years next preceding the bringing of this action? Answer: Yes.

3. Has the defendant, since said marriage committed adultery with some one unknown to plaintiff, as alleged in the complaint? Answer: Yes.

4. Is the plaintiff the injured party? Answer: Yes."

*Hill & Gray and Moody & Moody for plaintiff.*
*J. D. Mallonee and D. Witherspoon for defendant.*

CLARKSON, J. This action was before this Court on demurrer, *Walker v. Walker,* 198 N. C., 826. The demurrer was overruled in the court below and on appeal to this Court the judgment was affirmed.

We have read the record carefully, and the able briefs of the parties to this action. The allegations of the complaint of plaintiff set forth several alleged causes of action against the defendant for divorce absolute. The record discloses that at the conclusion of plaintiff's evidence: "The court sustains the motion as to all causes, except as to the cause of adultery, and signed the judgment sustaining the motion as to all of such causes." The court below sustaining the defendant's motion eliminated many matters set forth in the complaint. The only material issue left for the jury to determine was that of defendant's adultery since her marriage with plaintiff. From the view we take of the evidence on this

record is, as it were, sewer filth, and we see no good that would come by the recital of the evidence and setting forth the law applicable to the facts. We think the evidence was competent on the question of adultery and sufficient to be submitted to the jury. Plaintiff's charge against defendant was adultery, if the evidence of so serious a charge was not true, the defendant had the opportunity to refute it. Whether the charge was true or not, the falsity of it was peculiarly within defendant's knowledge. The fact that she did not refute the damaging charge made by plaintiff, it may be that this was a silent admission of the charge made against her.

In *Hudson v. Jordan,* 108 N. C., at p. 13, the party's failure to testify was regarded as a "pregnant circumstance." *Powell v. Strickland,* 163 N. C., at p. 402; *In re Hinton,* 180 N. C., at p. 213.

The defendant has had her day in court. She took her chances with the jury without offering evidence, and lost. The case narrows itself principally to a question of fact. The jury has found the issue against her. Appellate courts do not set aside verdicts and judgments for technical or harmless error. It must appear that the error complained of was material and prejudicial, amounting to a denial of some substantial right, and we cannot say this on the present record. Error will not be presumed; it must plainly appear. The question for the jury to determine was one of fact of which defendant was fully informed, if the evidence was not true defendant failed to deny it on the trial, yet she had the opportunity. In the judgment below we find

No error.