W. D. WARNER v. ROBERT TORRENCE
No. 6820SC343

(Filed 18 September 1968)

1. Husband and Wife §§ 24, 27— alienation of affections — criminal conversation — pleadings — joinder of causes in complaint
   In an action for actual and punitive damages for the alienation of the affections of plaintiff's wife by the defendant and for his criminal conversation with her, there is no error in the fact that the original complaint joined the two causes of action together in one paragraph and requested damage in a lump sum without differentiating the amount sought to be recovered in each.

2. Husband and Wife § 24— alienation of affections — elements of proof
   In an action for alienation of affections, the plaintiff husband must show that (1) he and his wife were happily married and that a genuine love and affection existed between them, (2) the love and affection so

existing was alienated and destroyed, and (3) the wrongful and malicious acts of defendant produced and brought about the loss and alienation of such love and affection.

**3. Husband and Wife § 25— alienation — sufficiency of evidence**

In an action by the husband to recover damages for the alleged alienation of the affections of his wife, the evidence is insufficient to justify submission of the issue to the jury, the plaintiff having failed to show the existence of any genuine love and affection which was alienated and destroyed by the defendant.

**4. Husband and Wife § 28— criminal conversation — sufficiency of evidence**

Evidence in the husband's action for criminal conversation *is held* sufficient to justify submission of the issue to the jury.

**5. Husband and Wife § 28— criminal conversation — proof by circumstantial evidence**

In an action for criminal conversation it is not necessary to show the adultery by direct proof if the jury can reasonably infer from the circumstances the guilt of the parties.

APPEAL from *McConnell, J.,* May 1968 Session, STANLY County Superior Court.

Action to recover damages, both actual and punitive, for the alienation of the affections of plaintiff's wife by the defendant and for his criminal conversation with her.

At the close of all of the evidence, the trial court sustained a motion to nonsuit each cause of action. The plaintiff appealed.

*Brown, Brown & Brown by Richard L. Brown, Jr., and James E. Roberts, Attorneys for defendant appellee.*

*Coble, Tanner & Grigg by Eugene S. Tanner, Jr., Attorneys for plaintiff appellant.*

CAMPBELL, J.

The facts alleged in the complaint are sufficient to constitute two causes of action, on either of which, if proven, the plaintiff is entitled to recover of the defendant damages, both actual and punitive. In *Chestnut v. Sutton,* 207 N.C. 256, 176 S.E. 743, it is stated:

"(T)hat the gravamen of the cause of action for the alienation of the affections of plaintiff's wife is the deprivation of the plaintiff of his conjugal rights to the society, affection and assistance of his wife, and that the gravamen of the cause of action for criminal conversation is the defilement of plaintiff's wife by

the defendant. In neither case is the consent of the wife a defense to a recovery by the plaintiff of the damages which he has sustained as the result of the wrongful conduct of the defendant. On each of these causes of action the plaintiff is entitled to recover of the defendant his actual damages, and in a proper case the jury may award plaintiff, in addition to his actual damages, punitive damages."

[1]    In that case, as in the instant case, it is interesting to note that the original complaint joined the two causes of action together in one paragraph and damages are requested in a lump sum without differentiating the amount sought to be recovered in each.

[2, 3]    In order to sustain the cause of action for alienation of affections, the law imposes upon the plaintiff the duty of showing by proper evidence the following facts: (1) that he and his wife were happily married, and that a genuine love and affection existed between them; (2) that the love and affection so existing was alienated and destroyed; (3) that the wrongful and malicious acts of defendant produced and brought about the loss and alienation of such love and affection. *Hankins v. Hankins*, 202 N.C. 358, 162 S.E. 766. This case points out that if the love and affection of the wife was alienated or destroyed without interference or wrongful procurement of a third party, then such third party would not be liable in damages. The plaintiff has the burden of proving that the loss of his wife's affections was occasioned and brought about by the wrongful and malicious counsel, advice and procurement of the defendant. The plaintiff fails to carry this burden of proof. The record discloses a marriage in 1933; in 1953 they "began to drift apart" and "things just gradually got worse and worse." Nothing would be gained by setting forth the constant bickering and actual fighting which occurred in this household between the plaintiff and his wife until the final separation in 1966. Suffice it to say, that the plaintiff fails to show the existence of any genuine love and affection which was alienated and destroyed by the defendant. We think the judgment of the trial court in sustaining the motion to nonsuit the cause of action for alienation of affections correct.

[4, 5]    We are, however, constrained to agree with the plaintiff that the evidence is sufficient to support submission to the jury of an issue on the cause of action for criminal conversation. Sheriff Mc-Swain of Stanly County testified that on the night of 29 June 1966 he went to the Pine View Motel in Stanly County about 1:00 a.m. and went to a room at the motel registered in the name of the defendant. There were no lights on in the room. He knocked at the door.

In something like a minute, the door was opened and the bedroom light was on. The defendant was there dressed "(i)n his shorts and a tee-shirt, undershorts." The plaintiff's wife was in one of the two beds in the room. "She was covered up with a blanket or bedspread up to her shoulders" and the sheriff could not tell how she was dressed. The sheriff informed the defendant: "I told him that I had several complaints about him keeping company with Mrs. Warner in this motel and other places in this county, and that it was time to stop, he was going to have to clear out of the motel, and he said that he would."

> "It is not necessary to show the adultery by direct proof, but circumstances are sufficient for that purpose, if therefrom the jury can reasonably infer the guilt of the parties." *Powell v. Strickland*, 163 N.C. 393, 79 S.E. 872. See also *Hardison v. Gregory*, 242 N.C. 324, 88 S.E. 2d 96.

Neither the defendant nor the plaintiff's wife testified in the case. This makes relevant the statement in *Walker v. Walker*, 201 N.C. 183, 159 S.E. 363:

> "Plaintiff's charge against defendant was adultery, if the evidence of so serious a charge was not true, the defendant had the opportunity to refute it. Whether the charge was true or not, the falsity of it was peculiarly within defendant's knowledge. The fact that she did not refute the damaging charge made by plaintiff, it may be that this was a silent admission of the charge made against her."

[1]  The fact that both causes of action were intermingled and intertwined with one allegation of damages brings this case under the rationale of *Barker v. Dowdy*, 224 N.C. 742, 32 S.E. 2d 265, where the complaint was couched in the same manner. In that case the court held that the cause of action for alienation of affections was properly submitted to the jury, but that the cause of action for criminal conversation should have been nonsuited. In that case both causes of action were submitted to the jury; whereas, in this case neither cause of action was submitted to the jury. In that case a new trial on the first cause of action (alienation of affections) was ordered so that the damage issues could be reconsidered after elimination of the second cause of action. In this case we are ordering a new trial on the second cause of action (criminal conversation). In that case there was nothing wrong about joining the two causes of action together and entwining the damages for both causes; and we

hold that there is nothing wrong in pleading the same way in this case.

Affirmed on cause of action for alienation of affections.

On cause of action for criminal conversation,

New trial.

MALLARD, C.J., and MORRIS, J., concur.