KATHRYN G. HEIST v. SARA W. FAIRCLOTH HEIST

No. 7921SC896

(Filed 6 May 1980)

**1. Rules of Civil Procedure § 50— motion for directed verdict—statement of grounds mandatory**

Although the provision in G.S. 1A-1, Rule 50(a) that a motion for a directed verdict shall state the specific grounds therefor is mandatory, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties.

**2. Husband and Wife § 24— alienation of affections—no sexual misconduct—requirement of malice**

In an action for alienation of affections where there is no element of sexual defilement of plaintiff's husband, malice must be shown, and malice in such an action means unjustifiable conduct causing the injury complained of.

**3. Husband and Wife § 25— alienation of affections—sufficiency of evidence**

In an action for alienation of affections evidence was sufficient to be submitted to the jury where it tended to show that plaintiff and her husband had a loving and affectionate relationship for thirty years; such love and affection was destroyed after plaintiff's husband began seeing defendant; when plaintiff confronted her husband about his relationship with defendant, he abused her and cursed her; defendant, despite plaintiff's protests, continued to see plaintiff's husband on a regular, frequent basis; and defendant's conduct in allowing plaintiff's husband unlimited access to her residence with knowledge of the marital discord which these visitations produced and in reckless disregard of plaintiff's marital rights was sufficient to establish the tort.

**4. Husband and Wife § 26— alienation of affections—measure of damages**

In an action for alienation of affections, the measure of damages is the present value in money of the support, consortium, and other legally protected marital interests lost by plaintiff through defendant's wrong.

**5. Husband and Wife § 26— alienation of affections—punitive damages—showing required**

      In order for plaintiff to recover punitive damages in an action for alienation of affections, she must show circumstances of aggravation in addition to the malice implied by law from the conduct of defendant in causing the separation of plaintiff and her husband which was necessary to sustain a recovery of compensatory damages.

APPEAL by defendant and plaintiff from *Washington, Judge.* Judgment entered 26 June 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 21 March 1980.

On 18 October 1974 plaintiff filed an action for alienation of affections against defendant seeking actual and punitive damages. Defendant filed her responsive pleadings on 20 December 1974 which contained a general denial and counterclaim for defamation of character. A jury trial was held during the 21 May 1979 civil session of Forsyth County Superior Court. At the close of plaintiff's evidence and at the close of all the evidence, defendant's motions for a directed verdict were denied.

Upon deliberation, the jury determined that the defendant alienated the affections of plaintiff's husband and awarded plaintiff actual damages of $25,000.00 and punitive damages of $25,000.00. The jury rendered a verdict against the defendant on her counterclaim for defamation of character.

After return of the jury's verdict, the defendant filed a "motion for judgment notwithstanding the verdict" pursuant to Rule 50(b). Defendant also filed a motion for a new trial pursuant to Rule 59, although the motion was denominated a "motion to set aside the verdict."

On 26 June 1979 the trial court entered a judgment in which it ordered that the verdict for punitive damages be set aside and the award for actual damages be allowed to stand. Plaintiff and defendant appealed.

*Nelson & Boyles, by Laurel O. Boyles, for the plaintiff.*

*Badgett, Calaway, Phillips, Davis & Montaquila by Susan Rothrock Montaquila and Richard G. Badgett for the defendant.*

MARTIN (Robert M.), Judge.

[1] Defendant by her first assignment of error contends that the trial court erred in failing to grant her motion for a directed verdict at the close of plaintiff's evidence. Defendant failed to state specific grounds for her motion for a directed verdict as required by Rule 50(a), N.C. Rules of Civ. Proc. Although the provision in Rule 50(a) that a motion for a directed verdict shall state the specific grounds therefore is mandatory, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties. *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974). Because it is obvious in the instant case that the motion challenged the sufficiency of the evidence to carry the case to the jury, we elect to review the denial of defendant's motion for a directed verdict.

[2] In order to sustain a cause of action for alienation of affections, the plaintiff must show the following facts:

(1) that she and her husband were happily married and that a genuine love and affection existed between them;

(2) that the love and affection so existing was alienated and destroyed;

(3) that the wrongful and malicious acts of defendant produced and brought about the loss and alienation of such love and affection.

*Warner v. Torrence*, 2 N.C. App. 384, 163 S.E. 2d 90 (1968). Where, as here, there is no element of sexual defilement of plaintiff's husband, malice must be shown. "Malice as used in an action for alienation of affections means 'unjustifiable conduct causing the injury complained of.' (Citation omitted.) Malice also means 'a disposition to do wrong without legal excuse (citation omitted), or as a reckless indifference to the rights of others.' " (Citation omitted.) *Sebastian v. Kluttz*, 6 N.C. App. 201, 206, 170 S.E. 2d 104, 106 (1969). "The wrongful and malicious conduct of the defendant need not be the sole cause of the alienation of affections. It suffices, according to the rule in the large majority of the cases, if the wrongful and malicious conduct of the defendant is the controlling or effective cause of the alienation, even though there were other causes, which might have contributed to the aliena-

tion." *Bishop v. Glazener*, 245 N.C. 592, 596, 96 S.E. 2d 870, 873 (1957).

[3] Defendant contends that plaintiff's evidence failed to show that any genuine love and affection existed between plaintiff and her husband or that defendant was the controlling cause of the alienation.

The evidence of the plaintiff tended to show that she and her husband were married in 1937 and they have two adult children. Plaintiff testified that prior to the problems that caused the separation she and her husband had a very good happy marriage; that they were very close and that they were never separated. William R. Davis, who had been acquainted with plaintiff and her husband for approximately thirty years, testified that in his opinion plaintiff and defendant enjoyed a happy marriage. In 1968 Mr. Davis was not aware of problems between them although at this time it had been about ten years since he had seen both of them socially together. Maxine Woosley, who had known plaintiff for twenty-six years and who prior to the separation saw plaintiff and her husband together once a week, thought plaintiff and her husband had a good marriage prior to "this other situation." Jimmy Woosley stated that it was his opinion that prior to the problems, they had a good marriage and it appeared to be a happy marriage.

Plaintiff further testified that the love and affection so existing was destroyed. In the late 1960's plaintiff observed a change in their marriage and in her husband. Her husband was cool toward plaintiff, did not want to have sex with her and he lied to plaintiff about his whereabouts. After plaintiff discovered the fact that her husband was spending time at the apartment of defendant and confronted him with it, their marital relationship deteriorated and plaintiff's husband began to curse and abuse her. Plaintiff stated that her husband said "You goddamn bitch, I wish you would die and rot in hell. I need Sara. She is kind to me. She had a soft voice. Your voice is not soft." At another time her husband said, "Living with you is too painful to me. I need Sara. I cannot stand living with you any longer. I am going to leave."

Finally plaintiff offered evidence tending to show that defendant's conduct was the controlling and effective cause of the separation of plaintiff and her husband. Although plaintiff may

have been rather argumentative, overbearing and domineering of conversation while her husband was a quiet, patient mild mannered man, for thirty years, until the relationship with defendant, plaintiff and her husband managed to have an affectionate marital union. Plaintiff's evidence tends to show that defendant, despite plaintiff's protests, continued to see plaintiff's husband on a regular, frequent basis from the time plaintiff discovered her husband's presence at defendant's apartment in April, 1970 until plaintiff's husband left in January, 1972. These visitations culminated in the ultimate separation of plaintiff and her husband. After observing her husband's car parked in defendant's driveway, plaintiff drove her husband's car home. When plaintiff's husband returned home, he assaulted plaintiff. Thereafter, when plaintiff refused to drop the assault charges against her husband, her husband moved out on the day of the trial.

Defendant asserts that there were no instances in which she contacted plaintiff's husband and that all of the contact between the parties was initiated by plaintiff's husband. This, however, is no defense in the present case. The wrongful conduct of defendant in allowing plaintiff's husband unlimited access to her residence with knowledge of the marital discord which these visitations produced and in reckless disregard of plaintiff's marital rights is sufficient to establish the tort.

[4] On the issue of compensatory damages, defendant contends that there is no evidence of loss of support caused by the defendant or of the value of such loss of support. "In a cause of action for alienation of affections of the husband from the wife, the measure of damages is the present value in money of the support, consortium, and other legally protected marital interests lost by her through the defendant's wrong. In addition, thereto, she may also recover for the wrong and injury done to her health, feelings, or reputation." (Citations omitted.) *Sebastian v. Kluttz*, 6 N.C. App. 201, 219, 170 S.E. 2d 104, 115 (1969). Hence, loss of support is only one element of damages in a cause of action for alienation of affection. The burden of proof is on plaintiff to show by direct or circumstantial evidence a loss of support as an element of the damages sustained. *Id.* at 214, 170 S.E. 2d at 112. Plaintiff has carried her burden in showing a definite pecuniary loss of income, life and health insurance, stock benefits and pension benefits which she has suffered as a result of the tort.

There is ample evidence, when viewed in the light most favorable to the plaintiff on each element of the cause of action for alienation of affections and on compensatory damages to overcome defendant's motion for a directed verdict at the close of plaintiff's evidence.

Defendant has not brought forward her second and third assignments of error in her brief and they are deemed abandoned pursuant to Rule 28(a), N.C. Rules App. Proc.

Defendant by her fourth assignment of error contends that the court erred in not allowing or not ruling upon defendant's motion for judgment n.o.v. and alternative request for a new trial pursuant to Rule 50(b). Defendant moved under Rule 50(b) for judgment notwithstanding the verdict and in the alternative for a new trial and under Rule 59(a)(6) and (7) for a new trial. The judgment of the court does not rule upon defendant's request for a new trial as required by *Hoots v. Calaway*, 282 N.C. 477, 193 S.E. 2d 709 (1973). Defendant, however, does not properly raise the question of the failure of the trial court to rule on a new trial in her assignment of error and the exception upon which it is based. Defendant's exception No. 5 and assignment of error No. 4 are addressed only to the denial of defendant's motion for judgment notwithstanding the verdict as to actual damages. Therefore, pursuant to Rule 10(a), N.C. Rules App. Proc., the scope of review on appeal is limited to the question of whether the court erred in denying defendant's motion for judgment notwithstanding the verdict as to actual damages. The same test is to be applied on a motion for judgment notwithstanding the verdict as is applied on a motion for a directed verdict. *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872, *cert. denied* 279 N.C. 727, 184 S.E. 2d 886 (1971). For the reasons stated above we are of the opinion plaintiff's evidence was sufficient for submission to the jury and that the court correctly denied defendant's motion.

[5] Plaintiff, having abandoned her first and second cross assignments of error, contends by her third cross assignment of error that the court erred in granting defendant's motion to set aside the verdict as to punitive damages. Punitive damages may be awarded in an action of alienation of affections. The plaintiff may also have awarded by the jury, in their sound discretion, a reasonable sum as punitive damages for the wilful, wanton, ag-

gravated or malicious conduct of defendant towards her. *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104 (1969). It is incumbent on the plaintiff to show circumstances of aggravation in addition to the malice implied by law from the conduct of defendant in causing the separation of plaintiff and her husband which was necessary to sustain a recovery of compensatory damages. *Cottle v. Johnson*, 179 N.C. 426, 102 S.E. 769 (1920). In the present case, the wrongful conduct of defendant in permitting plaintiff's husband to visit her at her residence with knowledge of the marital discord which these visitations produced and over plaintiff's protests was sufficient to establish the tort. However, we are of the opinion that plaintiff has not shown such circumstances of aggravation in addition to the above conduct of defendant to justify the submission of the punitive damage issue to the jury. The error in submitting this issue to the jury was cured when the trial judge set the verdict aside.

As noted above, the judgment of Judge Washington failed to rule on defendant's motion for a new trial. This error is harmless as plaintiff is not entitled to a new trial on the issue of punitive damages.

Affirmed.

Judges CLARK and ERWIN concur.