LUCIUS R. CHAPPELL v. MARSHALL S. REDDING

No. 831SC222

(Filed 3 April 1984)

**1. Husband and Wife § 24— alienation of affections—sufficiency of evidence**

The trial court properly denied defendant's motions for directed verdict on plaintiff's claim for alienation of affections where the evidence tended to show that plaintiff and his wife were happily married until the summer of 1979; the couple began to have problems in June of 1979 after plaintiff's wife returned from a medical convention which she, a nurse, had attended in Houston with defendant, her ophthalmologist employer; after defendant and plaintiff's wife returned from Houston in June, his wife became independent of him, began avoiding him, began wearing more makeup and more revealing clothes than she had formerly worn, and eventually removed herself from his bed and began sleeping alone on a couch; that after the Houston trip, defendant would call plaintiff's wife at home and spent increasing amounts of time with her at work; that defendant and plaintiff's wife were seen together at lunch with their chairs close and knees and legs touching and were seen together after work in a darkened room in defendant's office; and that plaintiff asked his wife in October of 1979 to "get him (defendant) out of our personal life" and when she refused, plaintiff moved out of the marital home for several weeks.

**2. Husband and Wife § 28— criminal conversation—sufficiency of evidence**

The evidence was insufficient to withstand defendant's motions for directed verdict on the issue of criminal conversation where plaintiff failed to present sufficient evidence of sexual intercourse between defendant and plaintiff's wife to take the case to the jury.

3. **Husband and Wife §§ 26, 29— one issue of compensatory damages on both alienation of affections and criminal conversation causes of action—error**

   Because the trial court erred in denying defendant's motions for directed verdict as to plaintiff's criminal conversation cause of action, and because the trial court submitted one issue of compensatory damages on the alienation of affections and criminal conversation causes of action, the case must be remanded for a rehearing on damages so that the jury can reconsider its award of damages, basing their award on the alienation of affections claim exclusively.

4. **Husband and Wife § 26— alienation of affections—punitive damages—error**

   The trial court erred in failing to direct a verdict for defendant as to the punitive damages element of plaintiff's claim in an action for alienation of affections where, while plaintiff's evidence of the problems caused in his marriage by defendant's actions and the increasing amounts of time spent with plaintiff's wife was enough to permit the alienation of affections issue to go to the jury, plaintiff failed to show additional circumstances of aggravation sufficient to justify the submission of the punitive damages issue.

5. **Husband and Wife § 26; Rules of Civil Procedure §§ 7, 8— alienation of affections—failure to reply to counterclaim—instructions that failure to reply "oversight"—no prejudicial error**

   Although it may have been better practice for the trial judge to omit characterizing plaintiff's attorneys' failure to file a reply to defendant's counterclaim as an "oversight" in the charge to the jury, because the law and the issues concerning the counterclaim were correctly explained to the jury, there was no prejudicial error in the judge's instructions.

6. **Evidence § 27— tapes of telephone conversations—never introduced into evidence**

   A trial judge's ruling that tapes of telephone conversations would be received into evidence "for the limited purpose of being identified as such" did not violate the rule set forth in 18 U.S.C. 2515 and *Rickenbaker v. Rickenbaker,* 290 N.C. 373 (1976) since the contents of the tapes were never introduced into evidence.

7. **Evidence § 12— cross-examination of plaintiff's wife in criminal conversation action—privilege waived**

   Where defendant offered plaintiff's wife as a witness in an action for criminal conversation and alienation of affections, he waived any objection to her competency to testify. G.S. 8-56.

APPEAL by defendant from *Reid, Judge.* Judgment entered 12 August 1982 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 7 February 1984.

Plaintiff filed this action in November of 1980, alleging that defendant, his wife's employer, alienated the affections of and had criminal conversation with plaintiff's wife. Plaintiff sought

$500,000 compensatory damages and $500,000 punitive damages. Defendant counterclaimed for actual and punitive damages for violation of his right to privacy and infliction of mental anguish and emotional distress. Plaintiff did not file a reply to the counterclaim.

At trial, the jury's verdict was for plaintiff in the amount of $150,000.00 in actual damages and $50,000.00 in punitive damages and, on the counterclaim, $1.00 to defendant in actual damages and $1.00 to defendant in punitive damages. Defendant's motions for judgment notwithstanding the verdict and a new trial were denied. Defendant appeals.

*Hunter, Wharton & Howell by John V. Hunter, III, and LeRoy, Wells, Shaw, Hornthal & Riley, by Terrence W. Boyle, for defendant-appellant.*

*Trimpi, Thompson & Nash, by C. Everett Thompson and John G. Trimpi, for plaintiff-appellee.*

EAGLES, Judge.

I.

Defendant assigns as error the trial court's denial of his motions for directed verdict, at the close of plaintiff's evidence and at the conclusion of all the evidence, on the issue of alienation of affections. Defendant contends that plaintiff did not present sufficient evidence that any alienation of affections was caused by wrongful acts of defendant. We do not agree.

[1] Defendant's motion for a directed verdict presents the question whether, as a matter of law, the evidence is sufficient to entitle plaintiff to have the jury pass on it. The evidence must be considered in the light most favorable to plaintiff, and he is entitled to all reasonable inferences that can be drawn from it. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). In order to withstand defendant's motions for directed verdict, plaintiff must have presented evidence to show that: (1) plaintiff and his wife were happily married and a genuine love and affection existed between them; (2) the love and affection was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affections. *Litchfield v.*

*Cox,* 266 N.C. 622, 146 S.E. 2d 641 (1966); *Scott v. Kiker,* 59 N.C. App. 458, 297 S.E. 2d 142 (1982). The "malicious acts" required for alienation of affections refer to "unjustifiable conduct causing the injury complained of." *Heist v. Heist,* 46 N.C. App. 521, 523, 265 S.E. 2d 434, 436 (1980).

Plaintiff testified to the love and affection that existed between his wife and him prior to the summer of 1979. Plaintiff also offered testimony by neighbors, the father and sisters of plaintiff's wife, and a babysitter to the effect that plaintiff and his wife were happily married until the summer of 1979. Plaintiff and these other witnesses all testified that the couple began to have problems in June of 1979, after plaintiff's wife returned from a medical convention which she, a nurse, had attended in Houston with defendant, her ophthalmologist employer. Plaintiff offered further testimony that, after defendant and plaintiff's wife returned from Houston in June of 1979, his wife became independent of him, began avoiding him, began wearing more makeup and more revealing clothes than she formerly had worn, and eventually removed herself from his bed and began sleeping alone on a couch. Plaintiff also offered the following testimony: that after the Houston trip, defendant would call plaintiff's wife at home and spent increasing amounts of time with her at work; that defendant and plaintiff's wife were seen together at lunch with their chairs close and knees and legs touching and were seen together after work in a darkened room in defendant's office; and that plaintiff asked his wife in October of 1979 to "get him (defendant) out of our personal life" and when she refused, plaintiff moved out of the marital home for several weeks.

While defendant offered testimony that plaintiff's marriage was in trouble before June of 1979, this conflict in evidence does not require a directed verdict against plaintiff on the alienation of affections issue. The plaintiff presented sufficient competent evidence, when viewed in the light most favorable to plaintiff, to show a happy marriage between plaintiff and his wife and affection existing between them which was alienated and destroyed by unjustifiable conduct by defendant. We hold, therefore, that the trial court properly denied defendant's motions for directed verdict on the issue of alienation of affections.

## II.

[2]　Defendant also assigns as error the trial court's denial of his motions for directed verdict on the issue of criminal conversation. In order to withstand defendant's motions for directed verdict, plaintiff was required to present evidence to show: (1) marriage between the spouses and (2) sexual intercourse between defendant and plaintiff's spouse during the marriage. *Sebastian v. Kluttz*, 6 N.C. App. 201, 209, 170 S.E. 2d 104, 109 (1969). It is uncontradicted that there was a marriage between the spouses. We find that plaintiff failed to present sufficient evidence of sexual intercourse between defendant and plaintiff's wife to take the case to the jury.

Plaintiff presented no direct evidence of sexual intercourse. Plaintiff's best circumstantial evidence of sexual intercourse involved an incident when defendant and plaintiff's wife were alone together for about two hours at defendant's motor home. Plaintiff and plaintiff's brother-in-law each testified without objection that in early 1981, several months after plaintiff's wife had moved out of the marital home and two months after the complaint in this action was filed, they went to the property where defendant's motor home was located and observed plaintiff's wife's car and defendant's car parked outside the motor home. When they began watching, the lights in the motor home were bright, the lights were then dimmed for about an hour, and the lights were then brightened again. Plaintiff's wife and defendant then came out, and plaintiff's wife got in her car. Plaintiff's wife and defendant talked, and plaintiff's wife drove away. We hold that, even when viewing this evidence in the light most favorable to the plaintiff, there is not enough evidence of sexual intercourse to take the issue of criminal conversation to the jury.

This court has commented on the sufficiency of evidence on sexual intercourse: "Given the highly emotional nature of the subject matter, and the degree to which individual jurors' attitudes regarding propriety may vary, we feel a . . . definite line must be drawn between permissible inference and mere conjecture." *Horney v. Horney*, 56 N.C. App. 725, 727, 289 S.E. 2d 868, 869 (1982). To hold here that evidence that plaintiff's wife and defendant spent two hours alone together was sufficient to take the issue of criminal conversation to the jury would allow the jury to

act on mere conjecture. The trial court erred in denying defendant's motions for directed verdict on the issue of criminal conversation.

### III.

We now address two aspects of the damages awarded to the plaintiff. The issues submitted to the jury as to plaintiff's damages and the jury's answers were as follows:

> 1) Did the defendant alienate the affections of the plaintiff's wife?

ANSWER: Yes

> 2) Did the defendant commit criminal conversation with the plaintiff's wife?

ANSWER: Yes

> 3) What amount, if any, is the plaintiff entitled to recover of the defendant as compensatory damages?

ANSWER: $150,000

> 4) What amount, if any, is the plaintiff entitled to recover of the defendant as punitive damages?

ANSWER: $50,000

### (A)

[3] The trial court submitted one issue of compensatory damages on the alienation of affections and criminal conversation causes of action (Issue number 3). This court has approved that practice where the two causes of action and the elements are connected and intertwined to a great extent. *Sebastian v. Kluttz*, 6 N.C. App. at 220, 170 S.E. 2d at 116. However, because we hold here that the trial court erred in denying defendant's motions for directed verdict as to criminal conversation, we must remand for a rehearing on damages so that the jury can reconsider its award of damages, basing their award on the alienation of affections claim exclusively.

(B)

[4]  Defendant assigns as error the trial court's failure to direct a verdict for defendant as to the punitive damages element of plaintiff's claim. Defendant contends that he should have been granted a directed verdict on punitive damages because there was no evidence of willful, wanton, aggravated or malicious conduct by defendant. We agree.

Because we have reversed on the issue of criminal conversation, we need only address the issue of punitive damages as it may relate to alienation of affections. In actions for alienation of affections, punitive damages may be awarded in addition to compensatory damages where the defendant's conduct was willful, aggravated, malicious, or of a wanton character. *Sebastian v. Kluttz*, 6 N.C. App. at 220, 170 S.E. 2d at 116. In order to take the question of punitive damages to the jury, there must be some evidence of circumstances of aggravation in addition to the malice implied by law from the conduct of defendant in alienating the affections between the spouses which was necessary to sustain a recovery of compensatory damages. *Heist v. Heist*, 46 N.C. App. at 527, 265 S.E. 2d at 438. Here, while plaintiff's evidence of the problems caused in his marriage by defendant's actions and the increasing amounts of time spent with plaintiff's wife was enough to permit the alienation of affections issue to go to the jury, plaintiff has not shown additional circumstances of aggravation to justify the submission of the punitive damages issue. The trial court erred in denying defendant's motions for directed verdict on this issue, and we vacate the judgment of $50,000.00 on the punitive damages issue.

IV.

[5]  Defendant assigns as error the fact that the trial judge instructed the jury that plaintiff's admission of the allegations of defendant's counterclaim (for invasion of privacy and intentional infliction of emotional distress) was the result of an "oversight" by plaintiff's attorneys. We find no prejudicial error.

On the last day of trial, plaintiff sought to file a reply to defendant's counterclaim, alleging that plaintiff's counsel had simply overlooked the filing of a formal reply. The trial judge, in his discretion, declined to allow the filing of a reply at that point,

finding that defendant was entitled to rely on the fact that no reply had been filed before that stage of the trial. In instructing the jury, the trial judge said:

> Now, in this case, members of the jury, the defendant, by omission of his counsel, has failed to file a reply to the counterclaim which was contained in the defendant's answer to the original complaint. The law in this state provides, under Rule 1(A)-1, Section 8, Subparagraph D, of the Rules of Civil Procedure, and I quote, averment in a pleading to which a responsive pleading is required other than those that the amount of damages are admitted when not denied in the responsive pleading. The counsel for the plaintiff quite candidly has admitted to you that he neglected to file a responsive pleading; therefore, the averments, or the allegations set forth in the counter-claim of the defendant's lawsuit have been, by Statute, deemed to have been admitted. Since, by virtue of this oversight, the plaintiff has not denied the allegations of this counter-claim, and it is, therefore, your duty to consider the facts alleged in the counter-claim to be true, and no further proof of them is required.

The issues presented to the jury on defendant's counterclaim were: (1) What amount, if any, is the defendant entitled to recover of the plaintiff as compensatory damages for invasion of privacy and the intentional infliction of emotional distress? (2) What amount, if any, is the defendant entitled to recover of the plaintiff as punitive damages for the invasion of privacy and the intentional infliction of emotional distress?

The trial judge was correct in not submitting an issue on *whether* plaintiff invaded defendant's privacy or intentionally inflicted emotional distress on defendant. Rule 8(d) of the North Carolina Rules of Civil Procedure provides that allegations in a pleading are deemed admitted when not denied if a responsive pleading is required. Because defendant's counterclaim was denominated as such in the answer, a reply was required. N.C. R. Civ. P. 7(a). Thus, all allegations of the counterclaim with the exception of the amount of damages were deemed admitted. *Patrick v. Mitchell,* 44 N.C. App. 357, 260 S.E. 2d 809 (1979). In the charge to the jury, the trial judge clearly stated that because plaintiff had not denied the allegations of defendant's counterclaim, the

facts in the counterclaim were deemed to be true and no further proof of them was required. As to damages, the judge told the jury that "[f]or the invasion of his privacy, the defendant is entitled to recover at least nominal damages such as one dollar ($1.00), or some similar amount, without proof of any actual damages," and then went on to give a proper instruction on compensatory damages. These instructions were a correct statement of the law, and the issues presented to the jury were appropriate. It may have been better practice for the trial judge to omit characterizing plaintiff's attorneys' failure to file a reply as an "oversight" in the charge to the jury, but because the law and the issues concerning the counterclaim were correctly explained to the jury, we find no prejudicial error in the judge's instructions.

V.

We now address several assignments of error by defendant which allege reversible error in the admission of certain evidence and the judge's summary of plaintiff's evidence during the charge to the jury. We find that all of these assignments of error are without merit.

[6] Defendant asserts that the trial court erred in admitting into evidence tapes of telephone conversations between defendant and plaintiff's wife. Defendant contends that plaintiff made these tapes in violation of federal law and that they were thus inadmissible. We find that because the contents of these tapes were never admitted into evidence there was no error.

18 U.S.C. 2515 provides that whenever any wire or oral communication has been willfully intercepted, "no part of the contents of such communication and no evidence derived therefrom may be received in evidence." Our Supreme Court has held that such evidence may not be received in any trial. *Rickenbaker v. Rickenbaker*, 290 N.C. 373, 226 S.E. 2d 347 (1976). Here, plaintiff sought to introduce the tapes "to have them available for impeachment purposes." The trial judge allowed the tapes to be received into evidence "for the limited purpose of being identified as such" and went on to state that "[t]he Court does not rule at this time on the question of whether or not these tapes could be played for the purpose of impeachment, if they were at some future time in the course of the trial tendered for such purpose." Because the contents of the tapes were never introduced into

evidence, there was no violation of the rule set forth in 18 U.S.C. 2515 and *Rickenbaker* and, thus, there was no error.

[7] Defendant asserts that the trial judge erred in allowing plaintiff to cross examine plaintiff's wife because G.S. 8-56 provides that a spouse is not "competent or compellable to give evidence for or against the other" in an action for criminal conversation. The statute provides that, in an action for criminal conversation, a wife as defendant's witness may refute charges assailing her character. *Chestnut v. Sutton*, 204 N.C. 476, 168 S.E. 680 (1933). Here, defendant had offered plaintiff's wife as a witness, thereby waiving any objection to her competency to testify.

Defendant assigns as error the trial judge's failure to exclude plaintiff's testimony that plaintiff's wife telephoned from Florida in April of 1980 and told him that she was in Port New Richey and was having a good time. Defendant contends that this testimony was hearsay and that the trial judge committed reversible error in admitting it. We do not agree. This testimony was not hearsay, because it was offered, not for the purpose of asserting the truth of the statement, but to show the fact that the statement was made. Plaintiff offered further evidence to show that plaintiff's wife was not in Port New Richey when she called. Thus, plaintiff's testimony was offered only to show that plaintiff's wife said she was in Port New Richey, Florida. Upon defendant's objection, the trial judge gave a limiting instruction to the jury, so there was no error in admitting this testimony.

The judgment of the trial court is reversed as to criminal conversation and vacated as to punitive damages; and because there was error with respect to the submission of a single damages issue on both alienation of affections and criminal conversation, the cause is remanded for a new trial on the amount of compensatory damages for alienation of affections.

Judges HEDRICK and HILL concur.