WILLIAM L. GRAY v. WALLACE NEIL HOOVER

No. 8821SC874

(Filed 1 August 1989)

1. **Husband and Wife § 25— alienation of affections—sufficiency of evidence**

    The trial court erred in granting defendant's motion for directed verdict on plaintiff's claim for alienation of affections where defendant offered as evidence of his happy marriage and mutual love and affection toward his wife testimony that he thought they "had a wonderful marriage" and testimony that they had built a new home and were doing some part-time farming; plaintiff offered evidence that the love and affection he and his wife had for each other was alienated and destroyed where he testified that, after defendant started working with his wife, his wife began to turn cold toward plaintiff and their sex life started deteriorating; his wife turned down a trip to Europe and told plaintiff she did not want to go anywhere with him; she also told plaintiff she did not love him anymore and loved defendant; plaintiff presented evidence that the wrongful and malicious acts of defendant produced the alienation of affections where plaintiff testified that defendant told plaintiff's wife that "anytime she got tired of [plaintiff], why didn't she just take her part of what [she and plaintiff] owned and run"; defendant sent plaintiff's wife gifts and notes and often talked to plaintiff's wife on the telephone at night; when plaintiff found defendant in his trailer hanging onto plaintiff's wife, plaintiff told defendant to stay away from his wife; and a couple of weeks later plaintiff again found defendant at the lake hanging onto plaintiff's wife.

2. **Husband and Wife § 28— criminal conversation—sufficiency of evidence**

    There was more than a scintilla of evidence that defendant and plaintiff's wife had sexual intercourse during plaintiff's marriage so that the trial court erred in granting defendant's motion for judgment n.o.v. on the issue of criminal conversation where there was evidence that plaintiff twice caught defendant in plaintiff's trailer at the lake with defendant hanging onto plaintiff's wife's arm; plaintiff testified without objection that plaintiff's wife and defendant were living together in a

GRAY v. HOOVER

[94 N.C. App. 724 (1989)]

condominium in Florida while plaintiff and his wife were still married; defendant admitted to plaintiff in a phone conversation that he was having sex with plaintiff's wife; and defendant did not object to plaintiff's testimony, nor did defendant or plaintiff's wife testify at trial.

**3. Husband and Wife § 29— criminal conversation—compensatory damages—sufficiency of evidence**

Evidence of plaintiff's loss of consortium, mental anguish, and humiliation was sufficient to support an award of compensatory damages in plaintiff's action for criminal conversation where the evidence tended to show that after one incident of finding defendant in plaintiff's trailer with plaintiff's wife, plaintiff's wife told plaintiff she no longer loved him but loved defendant; plaintiff's sex life with his wife began deteriorating; plaintiff observed defendant and plaintiff's wife drinking out of the same cup with a straw, sharing the same hamburger, and taking turns eating bites; defendant called and told him he was having sex with plaintiff's wife; defendant and plaintiff's wife lived together in Florida; and defendant and plaintiff's wife intentionally kissed in plaintiff's presence.

**4. Husband and Wife § 29— criminal conversation—punitive damages—sufficiency of evidence**

Evidence was sufficient to support an award of punitive damages in an action for criminal conversation where defendant made phone calls to plaintiff and told plaintiff he was having sex with plaintiff's wife and was going to take plaintiff's business, and defendant drove up in front of plaintiff's business, blew the horn, and then in the presence of plaintiff kissed plaintiff's wife, then unbuttoned her blouse and put his hand inside.

APPEAL by plaintiff from *Seay (Thomas W.), Judge*. Judgment entered 25 March 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 February 1989.

*Thomas J. Keith for plaintiff-appellant.*

*Thomas A. Fagerli for defendant-appellee.*

GRAY v. HOOVER

[94 N.C. App. 724 (1989)]

GREENE, Judge.

Plaintiff, William L. Gray, brought this action against defendant, Wallace Neil Hoover, seeking compensatory and punitive damages for alienation of affections and criminal conversation. Plaintiff was the only witness to testify at trial. At the close of plaintiff's evidence, the trial court granted defendant's motion for a directed verdict as to the alienation of affections claim. The criminal conversation issue was submitted to the jury and the jury returned a verdict in favor of the plaintiff for $30,000 in compensatory damages and $10,000 in punitive damages. The trial court granted defendant's motion for judgment notwithstanding the verdict and ordered the verdict and judgment for plaintiff set aside and judgment entered for defendant. Plaintiff appeals.

---

The two issues presented for review are: I) whether there was more than a scintilla of evidence presented on each element of plaintiff's alienation of affections claim so as to render it error for the trial court to have granted defendant's motion for directed verdict; II) whether there was more than a scintilla of evidence presented on each element of plaintiff's criminal conversation claim so as to render it error for the trial court to have granted defendant's motion for judgment notwithstanding the verdict.

I

We note initially that plaintiff has failed to comply with Rule 10(c) of the North Carolina Rules of Appellate Procedure which requires that each assignment of error contained in the record on appeal "state plainly and concisely and without argumentation the basis upon which error is assigned." App. R. 10(c); see generally Kimmel v. Brett, 92 N.C. App. 331, 374 S.E. 2d 435 (1988). Plaintiff's exceptions upon which his assignments of error are based are therefore deemed abandoned. App. R. 10(c) (exceptions upon which assignments of error are based are deemed abandoned if assignments of error do not state the basis upon which the error is assigned). Nevertheless, we exercise our discretion under Appellate Rule 2, suspend the rules and decide the case on the merits. App. R. 2.

The standard for appellate review of a trial court's decision on a motion for a directed verdict is whether the evidence, when taken in the light most favorable to the non-movant, is sufficient as a matter of law to support a verdict in favor of the non-movant.

*Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E. 2d 32, 36 (1986); *see Harvey v. Norfolk Southern Ry. Co., Inc.*, 60 N.C. App. 554, 556, 299 S.E. 2d 664, 666 (1983). The evidence is sufficient to withstand the motion if there is more than a scintilla of evidence to support each element of the non-movant's case. *Id.*

[1] Plaintiff argues the trial court erred in granting the defendant's motion for directed verdict on plaintiff's claim for alienation of affections because there was more than a scintilla of evidence to support each element of plaintiff's claim. We agree.

"In order to withstand defendant's motions for directed verdict, plaintiff must have presented evidence to show that: (1) plaintiff and his wife were happily married and a genuine love and affection existed between them; (2) the love and affection was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affections." *Chappell v. Redding*, 67 N.C. App. 397, 399, 313 S.E. 2d 239, 241, *disc. rev. denied*, 311 N.C. 399, 319 S.E. 2d 268 (1984). The term "malicious acts" has been interpreted by this court to mean " 'unjustifiable conduct causing the injury complained of.' " *Id.* at 400, 313 S.E. 2d at 241 (quoting *Heist v. Heist*, 46 N.C. App. 521, 523, 265 S.E. 2d 434, 436 (1980) ). Plaintiff offered the following testimony at trial as evidence that he and his wife were "happily married and a genuine love and affection existed between them": "Well, I thought we had a wonderful marriage." Plaintiff expounded on this statement by telling how he and his wife had built a new home, were doing some part-time farming and had at one time thirty head of cattle and three registered quarter horses. Although this evidence is at best marginal, we conclude that when taken in the light most favorable to the plaintiff, it is more than the scintilla of evidence required in order to survive a directed verdict motion.

We also conclude plaintiff presented more than a scintilla of evidence that the love and affection that existed between plaintiff and his wife was alienated and destroyed. Plaintiff testified that after defendant started working with his wife, his wife began turning cold towards the plaintiff and their sex life started deteriorating. Plaintiff also testified that his wife turned down a trip to Europe and told plaintiff she did not want to go anywhere with him. Plaintiff's wife also told plaintiff she did not love him anymore and loved defendant.

There was likewise more than a scintilla of evidence that the "wrongful and malicious acts of defendant produced the alienation of affections." Defendant told plaintiff's wife that "anytime she got tired of [plaintiff], why didn't she just take her part of what [she and plaintiff] owned and run." Defendant also sent plaintiff's wife gifts and notes and often talked to plaintiff's wife on the telephone at night. When plaintiff found defendant in his trailer hanging onto plaintiff's wife, plaintiff told defendant to stay away from his wife. A couple of weeks later, plaintiff again found defendant at the lake hanging onto plaintiff's wife. These actions by the defendant are evidence of "unjustifiable conduct" causing the alienation of affections.

When taken in the light most favorable to the plaintiff, there was more than a scintilla of evidence on each essential element of the tort of alienation of affections. Accordingly, we reverse the order of the trial court granting a directed verdict on this issue and remand the issue for trial.

## II

[2] Plaintiff also assigns as error the trial court's order granting judgment notwithstanding the verdict on the issue of criminal conversation. The same rules used to test the sufficiency of the evidence upon a motion for directed verdict apply to the determination of a motion for judgment notwithstanding the verdict. *Allen v. Pullen*, 82 N.C. App. 61, 64, 345 S.E. 2d 469, 472 (1986), *disc. rev. denied*, 318 N.C. 691, 351 S.E. 2d 738 (1987). The evidence is sufficient to withstand the motion if there is more than a scintilla of evidence, when taken in the light most favorable to the party who won the verdict, to support each element of the winning party's case. *Clark v. Moore*, 65 N.C. App. 609, 610, 309 S.E. 2d 579, 580-81 (1983).

Criminal conversation is an action for damages. 2 Lee, *North Carolina Family Law* Sec. 208 at 567 (4th ed. 1980). The elements of this cause of action are: "(1) marriage between the spouses and (2) sexual intercourse between defendant and plaintiff's spouse during the marriage." *Chappell*, 67 N.C. App. at 401, 313 S.E. 2d at 241; *see* 2 Lee, *North Carolina Family Law* Sec. 208 at 567. The parties stipulated there was a "marriage between the spouses" satisfying the first element of the cause of action. *Id*. The question we are left to decide is whether there was more than a scintilla of evidence that the defendant and plaintiff's wife had sexual in-

tercourse during plaintiff's marriage. We conclude there was sufficient evidence.

In an action for criminal conversation, it is not necessary to show the sexual intercourse by direct proof. 2 Lee, *North Carolina Family Law* Sec. 208 at 571. "[I]t may be shown by circumstantial evidence from which the guilt of the parties can be reasonably inferred." *Id.* Here, there was evidence that the plaintiff twice caught the defendant in plaintiff's trailer at the lake with defendant hanging onto plaintiff's wife's arm. Plaintiff also testified, without objection, that plaintiff's wife and defendant were living together in a condominium in Florida while plaintiff and his wife were still married. Plaintiff and a private investigator went to Florida and observed defendant and plaintiff's wife arriving arm in arm in the late evening at the condominium, the lights going out inside the condominium and observed that the two did not exit the condominium until daytime. The cars of defendant and plaintiff's wife were parked outside the condominium all night and were not moved. Plaintiff also testified without objection that the defendant admitted to plaintiff in a phone conversation that he was having sex with plaintiff's wife. It is significant that defendant did not object to plaintiff's testimony nor did defendant or plaintiff's wife testify at trial. In *Warner v. Torrence*, 2 N.C. App. 384, 163 S.E. 2d 90 (1968), this court stated the following in regard to a defendant not testifying in a criminal conversation case:

> Plaintiff's charge against defendant was adultery; if the evidence of so serious a charge was not true, the defendant had the opportunity to refute it. Whether the charge was true or not, the falsity of it was peculiarly within defendant's knowledge. The fact that [he] did not refute the damaging charge made by plaintiff, it may be that this was a silent admission of the charge made against [him].

*Id.* at 387, 163 S.E. 2d at 92 (*quoting Walker v. Walker*, 201 N.C. 183, 184, 159 S.E. 363, 364 (1931)). We hold that the evidence when taken in the light most favorable to the plaintiff was sufficient as a matter of law to support a verdict in favor of the plaintiff on the issue of criminal conversation.

[3] The defendant argues in brief and argued to the court below that plaintiff failed to introduce evidence of damages sufficient to support the verdict reached by the jury. We disagree.

In *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104 (1969), this court addressed the issue of damages in a cause of action for criminal conversation: "[T]he measure of damages is incapable of precise measurement; however, it has been held, and we think properly so, that the jury in awarding damages may consider the loss of consortium, mental anguish, humiliation, injury to health, and loss of support . . . ." *Id.* at 220, 170 S.E. 2d at 115-16. "Consortium" is defined as:

> Conjugal fellowship of husband and wife, and *the right of each* to the company, co-operation, affection, and aid of the other in every conjugal relation.

*Id.* at 219-20, 170 S.E. 2d at 115 (quoting Black's Law Dictionary, 4th ed.) (emphasis added). Although there was no evidence presented of loss of support or injury to health, there was sufficient evidence of plaintiff's loss of consortium, mental anguish, and humiliation to support the award of compensatory damages. Plaintiff's testimony showed that after one incident of finding defendant in plaintiff's trailer with plaintiff's wife, plaintiff's wife told plaintiff she no longer loved him but loved the defendant. Plaintiff's sex life with his wife began deteriorating. Plaintiff observed defendant and plaintiff's wife drinking out of the same cup with a straw, sharing the same hamburger taking turns eating bites. Additionally, defendant's phone calls to plaintiff telling him he was having sex with plaintiff's wife, the fact that defendant and plaintiff's wife were living together in Florida, and the incident described below in which defendant and plaintiff's wife intentionally kissed in plaintiff's presence, is evidence from which a jury could find plaintiff suffered mental anguish and loss of consortium. Accordingly, we conclude there was sufficient evidence to support the award of compensatory damages.

[4] We likewise conclude there was sufficient evidence to support the award of punitive damages. Punitive damages may be awarded "where the conduct of the defendant was willful, aggravated, malicious, or of a wanton character." *Sebastian*, 6 N.C. App. at 220, 170 S.E. 2d at 116. Here, defendant's phone calls in which defendant told plaintiff he was having sex with plaintiff's wife and was going to take plaintiff's business is some evidence in support of the punitive damages award. Additionally, the defendant's act of driving up in front of plaintiff's business, blowing the horn, and then in the presence of plaintiff kissing plaintiff's wife, unbut-

toning her blouse and then putting his hand inside certainly amounts to evidence sufficient for a jury to determine defendant's conduct was "willful, aggravated, malicious, or of a wanton character." *Id.*

Accordingly, we reverse the trial court's order granting a judgment notwithstanding the verdict on the issue of criminal conversation and reinstate the verdict of the jury. The order of the trial court granting a directed verdict on the alienation of affections claim is reversed and the issue remanded for trial. Because the elements of damages for criminal conversation and alienation of affections "are so connected and intertwined," in a subsequent trial of the alienation of affections claim any damages awarded for alienation of affections should be reduced by the amount of damages awarded on the issue of criminal conversation. The compensatory damages awarded should be reduced by $30,000 and any punitive damages awarded should be reduced by $10,000. *Sebastian*, 6 N.C. App. at 220, 170 S.E. 2d at 116; *see* D. Dobbs, *Remedies* Sec. 7.3 at 532 (1973) (where plaintiff has already secured property settlement agreement with disaffected spouse, a credit seems proper in awarding compensatory damages on alienation of affections claim).

Reversed and remanded.

Judges EAGLES and COZORT concur.