ERNEST A. SHAW, PLAINTIFF v. PRESTON E. STRINGER, DEFENDANT

No. 8921SC226

(Filed 5 February 1991)

1. **Husband and Wife § 24 (NCI3d)— alienation of affections— showing required**

   In an action for alienation of affections, plaintiff did not have to prove that his wife had no affection for anyone else or that their marriage was previously one of untroubled bliss; rather, he had to prove only that before defendant wrongfully interfered in their marriage, his wife had some genuine love and affection for him and that that love and affection was lost to him as a result of that wrongdoing, and plaintiff offered sufficient evidence to be presented to the jury.

   **Am Jur 2d, Husband and Wife §§ 467, 469.**

2. **Husband and Wife § 25 (NCI3d)— alienation of affections— husband's treatment of wife's children—admissibility of evidence**

   In an action for alienation of affections, evidence with regard to defendant's failure to support his children and plaintiff's helping his wife to do so and getting along well with them was admissible to show that plaintiff's wife had love and affection for him.

   **Am Jur 2d, Husband and Wife §§ 492, 500.**

3. **Husband and Wife § 26 (NCI3d)— alienation of affections— punitive damages—sufficiency of evidence**

   In an action for alienation of affections and criminal conversation, there was no merit to defendant's contention that

it was error to submit and charge upon the issue of punitive damages, since aggravation, malice, and willfulness were indicated by evidence to the effect that after being asked not to do so, defendant persisted in visiting plaintiff's wife in the marital household and violating plaintiff's conjugal rights and even laughed when plaintiff's wife told him that plaintiff had learned of their affair.

**Am Jur 2d, Husband and Wife § 485.**

4. **Husband and Wife §§ 26, 29 (NCI3d) — alienation of affections — criminal conversation — punitive damages — defendant's objections to instructions not timely**

In an action for alienation of affections and criminal conversation, there was no merit to defendant's contentions that it was error for the punitive damages issue to apply to the criminal conversation claim because the final pretrial order did not provide for it, and that the court erred in failing to instruct the jury that before they could award punitive damages for a cause of action, they first had to award actual damages for that action, since plaintiff did not make specific objections at the appropriate time.

**Am Jur 2d, Husband and Wife § 485.**

5. **Husband and Wife §§ 26, 29 (NCI3d) — alienation of affections — criminal conversation — award of punitive damages — verdict not contradictory on its face**

There was no merit to defendant's contention that the verdict was contradictory on its face because punitive damages may have been assessed for alienation of affections, for which no compensatory damages were awarded, since the record did not specifically show that any punitive damages were awarded for alienation of affections, and it was just as likely that all the punitive damages were awarded for criminal conversation.

**Am Jur 2d, Husband and Wife § 485.**

APPEAL by defendant from judgment entered 10 October 1988 by *Judge Thomas W. Ross* in FORSYTH County Superior Court. Heard in the Court of Appeals 12 July 1989.

In the trial of these causes of action for alienating the affections of and having criminal conversation with plaintiff's wife, five

issues were submitted to the jury: An offense and compensatory damages issue for each cause and one punitive damages issue applicable to both. The jury answered each offense issue "Yes," the compensatory damages issue for alienation of affections "0," the compensatory damages issue for criminal conversation "$125,000," and the punitive damages issue "for criminal conversation and/or for the alienation of affections of his wife" "$50,000." Judgment was entered on the verdict.

The circumstances that gave rise to the action include the following: The wife whose affections defendant is adjudged to have alienated was married to him for fifteen years and bore him three children. After defendant abandoned her in 1983 he introduced her to plaintiff, who married her in June of 1985. After the marriage: Plaintiff and his wife lived in her house along with the three children, who he helped look after and support; defendant often went to the house, sometimes to visit his children, sometimes to visit the couple, and after awhile sometimes to visit plaintiff's wife and have sexual intercourse with her. Several months after the illicit interludes began plaintiff learned about them and had his wife tell defendant that they were to stop, but defendant nevertheless continued the visits and affair until plaintiff moved out and separated from his wife.

*David R. Tanis for plaintiff appellee.*

*Nelson, Boyles & Niblock, by H. David Niblock, for defendant appellant.*

PHILLIPS, Judge.

The ten arguments defendant makes in his brief—none of which refer to the assignments of error that they are based on as Rule 28(b)(5) of our appellate rules requires—raise only three questions for determination; as some of the arguments address the same basic issue as others, some concern formal matters of no consequence to the appeal, and others are based on grounds either not asserted in the trial or properly assigned as error. The three questions that defendant effectively raises and which we will address in sequence are: Did the court err to defendant's prejudice in submitting the alienation of affections issue to the jury; in receiving evidence that defendant did not support his children and plaintiff helped do so and got along well with them; and in submitting

SHAW v. STRINGER

[101 N.C. App. 513 (1991)]

the punitive damages issue to the jury and instructing them with respect to it?

[1] Even if submitting the alienation of affections issue to the jury was error defendant suffered no prejudice, since no damages were assessed against defendant as a consequence. But submitting the issue was not error because the evidence, when viewed in its most favorable light for plaintiff, supported it. The evidence that plaintiff had to present for the issue to go to the jury was simply that before defendant's wrongful intervention in their marriage his wife had genuine love and affection for him and that because of defendant's wrongful conduct that love and affection was alienated. *Chappell v. Redding*, 67 N.C. App. 397, 313 S.E.2d 239, *disc. review denied*, 311 N.C. 399, 319 S.E.2d 268 (1984). Defendant's argument that such evidence was not presented is based upon the testimony of plaintiff's wife that before the illicit liaison began she loved defendant. This evidence, so defendant argues, establishes as a matter of law that plaintiff's wife had no love and affection for plaintiff that he could have alienated, and thus it was error to submit the issue. But that is not the only evidence on the issue. In substance, what plaintiff's wife testified to in that regard was that she loved defendant, as well as plaintiff, but in "a different way"; and both plaintiff and his wife testified that before defendant's wrongful intervention that each genuinely loved the other and an affectionate relationship existed between them, which defendant's wrongdoing terminated. Thus, whether his wife in fact had love and affection for plaintiff before defendant wrongfully intermeddled in their marriage was not for the court to say, but the jury. *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E.2d 104 (1969). That plaintiff's wife loved defendant "in a way" and willingly yielded to his advances may indicate that her affection for him was less than what it might have been; but it does not establish either in law or fact that she had no affection for plaintiff that could be alienated. For in this area of life, as in others, our law sensibly recognizes that people often differ in their feelings and reactions to the myriad circumstances that occur during life's changing course. To have the jury consider the issue plaintiff did not have to prove that his wife had no affection for anyone else, or that their marriage was previously one of untroubled bliss; he had to prove only that before defendant wrongfully interfered in their marriage his wife had some genuine love and affection for him, and that that love and affection was lost to him as a result of that wrongdoing.

[2]   As to the evidence about defendant not supporting his children and plaintiff helping to do so and getting along well with them, defendant argues that receiving it was prejudicial error because it was not relevant to any of the issues being tried. We disagree. The evidence is quite relevant to the issue just discussed — whether plaintiff's wife had any love and affection for him. For she testified that she loved plaintiff "for all the things he was to the children," and some of the things that he was to the children, according to the evidence, was caretaker, companion and sometimes provider. Furthermore, since the children lived with them during the marriage, it is reasonable to infer that his relationship with the children had some effect upon his relationship with their mother.

[3]   As to the punitive damages issue, defendant makes three arguments, one that is based upon a proper objection and two that are not. The argument based upon a proper objection is that it was error to submit and charge upon the issue because no evidence of aggravating conduct warranting punitive damages was presented. The argument has no merit. Aggravation, malice and willfulness were indicated by evidence to the effect that after being asked not to do so defendant persisted in visiting plaintiff's wife in the marital household and violating plaintiff's conjugal rights and even laughed when plaintiff's wife told him that plaintiff had learned of their affair.

[4]   The two arguments on this issue that are not based upon proper objections are that (1) it was error for the punitive damages issue to apply to the criminal conversation claim because the final pre-trial order did not provide for it; and (2) that the court erred in failing to instruct the jury that before they could award punitive damages for a cause of action they had to first award actual damages for that action. Rule 10(b)(2) of our Rules of Appellate Procedure provides that a party may not "assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, *stating distinctly that to which he objects and the grounds of his objection.*" (Emphasis added.) In our reading of the transcript we found no specific reference by defendant to either of the alleged defects in the charge that are now argued. Instead, the transcript indicates that defendant opposed applying the issue to the criminal conversation action only because he was of the opinion that punitive damages are not recoverable for criminal conversation, whereas *Powell v. Strickland*, 163 N.C. 393, 79 S.E. 872 (1913), holds otherwise; and

that defendant did not assert at any time that the issue conflicted with the pre-trial order—which the trial judge had the discretion to modify in any event and no abuse appears—or that anything necessary for a fair determination of the issue had been left out of the instruction.

The instruction that defendant now contends should have been given correctly states the law and no doubt would have been given, at least in substance, if timely request or objection had been made. Having failed to call the omission to the court's attention when it could have been corrected, defendant's argument now cannot be entertained. *Donavant v. Hudspeth*, 318 N.C. 1, 347 S.E.2d 797 (1986). Even so, it does not appear that defendant was legally prejudiced by the alleged omission from the charge. For the trial court instructed the jury that they were not to consider the punitive damages issue unless they found that defendant either alienated the affections of plaintiff's wife or had criminal conversation with her, and the record does not show that they awarded any punitive damages for alienation of affections.

[5] Still another argument involving the punitive damages issue is that the verdict is contradictory on its face because punitive damages may have been assessed for alienation of affections, for which no compensatory damages were awarded, and the court erred in signing the judgment based thereon. Inasmuch as the record does not show that any punitive damages were awarded for alienation of affections, a contradiction in the verdict is neither certain nor manifest. It is just as likely it seems to us—if not more likely since no compensatory damages were awarded for alienation of affections—that all the punitive damages were awarded for criminal conversation, and that the verdict is in harmony with the law. In any event on this question, as the others, defendant has failed to show, as the law requires, that any error prejudicial to him was committed.

No error.

Judges COZORT and LEWIS concur.