KAREN M. HORNER, Executrix of the Estate of ROBERT HENRY DOUTHART, Plaintiff v. JEFFREY W. BYRNETT, Defendant

No. COA98-533

(Filed 16 February 1999)

### 1. Criminal Conversation— punitive damages—evidence sufficient

The trial court did not err by denying defendant's motion for JNOV on the issue of punitive damages on a criminal conversation claim where the evidence was undisputed that during the course of plaintiff's marriage, defendant engaged in sexual intercourse with plaintiff's wife and that, before becoming intimate, defendant and plaintiff's wife met several times to discuss the harm that a sexual relationship would cause and yet willfully engaged in the injurious conduct. The same sexual misconduct necessary to establish the tort of criminal conversation may also sustain an award of punitive damages.

### 2. Damages and Remedies— relationship between compensatory and punitive damages—punitive award not excessive

The trial court did not abuse its discretion by denying defendant's motion for a new trial on the issue of punitive damages on a criminal conversation claim where the jury awarded plaintiff one dollar in compensatory damages and $85,000 in punitive damages. Nominal damages may support an award of punitive damages and the fact that the punitive amount greatly exceeded the compensatory amount does not by itself warrant a new trial.

Appeal by plaintiff from orders entered 11 September 1997 and 1 December 1997 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 6 January 1999.

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Wiley P. Wooten and Thomas R. Peake, II, for plaintiff-appellee.*

*Barbara R. Morgenstern for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Jeffrey W. Byrnett ("defendant") appeals from an order denying his motion for judgment notwithstanding the verdict ("JNOV") or,

alternatively, for a partial new trial on the issue of punitive damages arising out of the claim by Robert Henry Douthart ("plaintiff") for criminal conversation. The relevant facts are not in dispute.

Plaintiff's wife and defendant began a sexual relationship in August of 1992, which continued until June of 1993, with a brief interruption in November and December of 1992. Plaintiff's wife became depressed when the affair ended and was eventually hospitalized for depression and alcoholism. Plaintiff learned of the affair during his wife's hospitalization, and the couple separated on or around 13 September 1994.

Plaintiff filed a complaint against defendant on 9 April 1996 seeking damages for alienation of affections and criminal conversation. On 17 May 1996, defendant filed an answer wherein he denied the allegations concerning alienation of affections but admitted to having an adulterous affair with plaintiff's wife. Upon motion of the plaintiff, partial summary judgment on the issue of criminal conversation was entered for plaintiff on 8 July 1996.

The remaining issues came on for trial before a jury, and at the close of plaintiff's evidence, defendant moved for directed verdicts, arguing that plaintiff had not established the tort of alienation of affections and that he had not shown his right to punitive damages for either tort. The trial court granted defendant's motion pertaining to the issue of punitive damages for alienation of affections but denied defendant's other motions. The jury returned a verdict in favor of plaintiff and awarded $1.00 in compensatory damages for alienation of affections and criminal conversation and $85,000.00 in punitive damages for criminal conversation.

Defendant filed a motion for JNOV or, in the alternative, for a partial new trial. Following a hearing, the trial court entered an order denying defendant's motion on 11 September 1997. Defendant thereafter filed a motion for reconsideration, which the the court denied on 1 December 1997. Defendant filed timely notice of appeal.

---

[1] In his first argument, defendant contends that the trial court erred by denying his motion for JNOV on the issue of punitive damages for criminal conversation. Defendant argues that there was insufficient evidence to support an award for punitive damages, because there was no proof that his conduct was outrageous or aggravated. Having carefully considered this argument in light of the North

Carolina case law regarding damages for criminal conversation, we must disagree.

Appellate review of a trial court's ruling upon a motion for JNOV is identical to that of a ruling upon a motion for directed verdict. *In re Buck*, 130 N.C. App. 408, 410, 503 S.E.2d 126, 129 (1998). As our Supreme Court has stated,

> A motion for directed verdict [or JNOV] tests the sufficiency of the evidence to take the case to the jury. In making its determination of whether to grant the motion, the trial court must examine all of the evidence in a light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences that may be drawn from that evidence. If, after undertaking such an analysis of the evidence, the trial judge finds that there is evidence to support each element of the nonmoving party's cause of action, then the motion for directed verdict and any subsequent motion for [JNOV] should be denied.

*Abels v. Renfro Corp.*, 335 N.C. 209, 214-15, 436 S.E.2d 822, 825 (1993) (citations omitted). If there is more than a scintilla of evidence supporting each element of the nonmoving party's claim, the motion for directed verdict or JNOV should be denied. *Norman Owen Trucking v. Morkoski*, 131 N.C. App. 168, 172, 506 S.E.2d 267, 270 (1998).

It is well-established that punitive damages "are awarded as punishment due to the outrageous nature of the wrongdoer's conduct." *Juarez-Martinez v. Deans*, 108 N.C. App. 486, 495, 424 S.E.2d 154, 159-60 (1993). As such, punitive damages are "not allowed as a matter of course, but they may be awarded only when there are some features of aggravation, as when the act is done wilfully and evidences a reckless and wanton disregard of plaintiff's rights." *Scott v. Kiker*, 59 N.C. App. 458, 462, 297 S.E.2d 142, 146 (1982). Keeping these principles in mind, we turn to the issue of whether evidence sufficient to establish the tort of criminal conversation is, likewise, sufficient to maintain a claim for punitive damages.

In the past, our courts have held that a jury may consider the issue of punitive damages for criminal conversation based solely upon evidence that the defendant committed adultery—engaged in sexual intercourse—with the plaintiff's spouse. *See Powell v. Strickland*, 163 N.C. 393, 79 S.E. 872 (1913); *Johnson v. Allen*, 100 N.C. 131, 5 S.E. 666 (1888). Defendant argues, however, that recent decisions by this Court require more than proof of adultery to support

an award of punitive damages. In particular, defendant points to our holdings in *Gray v. Hoover*, 94 N.C. App. 724, 381 S.E.2d 472 (1989), and *Shaw v. Stringer*, 101 N.C. App. 513, 400 S.E.2d 101 (1991), wherein we considered whether the plaintiffs presented sufficient evidence to support an award of punitive damages for criminal conversation.

In *Gray*, this Court articulated the following basis for upholding the award of punitive damages to the plaintiff:

> We likewise conclude there was sufficient evidence to support the award of punitive damages. Punitive damages may be awarded "where the conduct of the defendant was willful, aggravated, malicious, or of a wanton character." *Sebastion* [*v. Kluttz*], 6 N.C. App. [201,] 220, 170 S.E.2d [104,] 116 [1969]. Here, defendant's phone calls in which defendant told plaintiff he was having sex with plaintiff's wife and was going to take plaintiff's business is some evidence in support of the punitive damages award. Additionally, the defendant's act of driving up in front of plaintiff's business, blowing the horn, and then in the presence of plaintiff kissing plaintiff's wife, unbuttoning her blouse and then putting his hand inside certainly amounts to evidence sufficient for a jury to determine defendant's conduct was "willful, aggravated, malicious, or of a wanton character." *Id.*

*Gray*, 94 N.C. App. at 730-31, 381 S.E.2d at 475-76. In *Shaw*, we again upheld an award of punitive damages, stating the following reasoning for our decision:

> The argument based upon a proper objection is that it was error to submit and charge upon the issue because no evidence of aggravating conduct warranting punitive damages was presented. The argument has no merit. Aggravation, malice and willfulness were indicated by evidence to the effect that after being asked not to do so defendant persisted in visiting plaintiff's wife in the marital household and violating plaintiff's conjugal rights and even laughed when plaintiff's wife told him that plaintiff had learned of their affair.

*Shaw*, 101 N.C. App. at 517, 400 S.E.2d at 103.

On the surface, *Gray* and *Shaw* appear to hold that adultery, without more, is not sufficiently aggravating to entitle the plaintiff to punitive damages for criminal conversation. However, neither decision squarely speaks to the issue presented in the instant case. Insofar as

there was other evidence of aggravation, malice, and willfulness in both cases, this Court was not called upon to resolve whether adultery alone warrants an instruction and/or award of punitive damages in an action for criminal conversation. Furthermore, we note that neither *Gray* nor *Shaw* overrules, limits, or criticizes earlier case law awarding punitive damages based solely upon adultery. *See Powell*, 163 N.C. 393, 79 S.E. 872; *Johnson*, 100 N.C. 131, 5 S.E. 666. Accordingly, we hold that the same sexual misconduct necessary to establish the tort of criminal conversation may also sustain an award of punitive damages. We find support for our holding in Professor Lee's discussion on the issue:

> Criminal conversation . . . does not require a showing of malice. For this tort, the question is not whether the plaintiff has shown malice beyond what is needed to establish the tort, but what evidence suffices to show the kind of reckless conduct justifying punitive damages. In fact, the appellate cases prove that the sexual intercourse that is necessary to establish the tort also supports an award of punitive damages: as long as there is enough evidence of criminal conversation to go to the jury, the jury may also consider punitive damages. . . . [W]hen the plaintiff proves sexual relations between the defendant and spouse, then it seems to take little else to establish both the tort and the right to punitive damages.

1 Suzanne Reynolds, Lee's North Carolina Family Law § 5.48(C) (5th ed. 1993) (citing *Johnson*, 100 N.C. 131, 5 S.E. 666; *Powell*, 163 N.C. 393, 79 S.E. 872; *Shaw*, 101 N.C. App. 513, 400 S.E.2d 101).

In the present case, the evidence is undisputed that during the course of plaintiff's marriage, defendant engaged in sexual intercourse with plaintiff's wife. The evidence further shows that before becoming intimate, defendant and plaintiff's wife met several times to discuss the harm that a sexual relationship would cause, and yet, they willfully engaged in the injurious conduct. Thus, the evidence was sufficient to go to the jury on the issue of criminal conversation, *see Bryant v. Carrier*, 214 N.C. 191, 198 S.E. 619 (1938) (setting forth the elements of criminal conversation), and the jury was also entitled to consider the issue of punitive damages. The trial court, therefore, did not err in denying defendant's motion for JNOV on the issue of punitive damages.

**[2]** Next, defendant argues that the trial court erred in denying his motion for a partial new trial, because "there is no rational relation-

ship between the amount of compensatory damages and punitive damages awarded by the jury." Because the award of punitive damages was not excessive under North Carolina law, this argument also fails.

The rule is well-settled that a motion for a new trial under Rule 59 of the North Carolina Rules of Civil Procedure is "addressed to the sound discretion of the trial judge," whose ruling is not reviewable on appeal, "absent manifest abuse of discretion. *Blow v. Shaughnessy*, 88 N.C. App. 484, 493-94, 364 S.E.2d 444, 449 (1988). Hence, we will not reverse a trial court's decision denying a new trial, unless "an abuse of discretion is clearly shown resulting in a substantial miscarriage of justice." *Travis v. Knob Creek, Inc.*, 84 N.C. App. 561, 563, 353 S.E.2d 229, 230, *rev'd on other grounds*, 321 N.C. 279, 362 S.E.2d 277 (1987).

In *Hawkins v. Hawkins*, 331 N.C. 743, 745, 417 S.E.2d 447, 449 (1992), our Supreme Court upheld this Court's holding that " '[o]nce a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which in turn support an award of punitive damages.' " *Id.* (quoting *Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d 472, 474 (1991)). The amount of punitive damages to be awarded the plaintiff " 'rests in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in the case.' " *Juarez-Martinez*, 108 N.C. App. at 495-96, 424 S.E.2d at 160 (quoting *Carawan v. Tate*, 53 N.C. App. 161, 165, 280 S.E.2d 528, 531 (1981)).

Here, the jury awarded plaintiff $1.00 in compensatory damages and $85,000.00 in punitive damages for criminal conversation. Defendant contends that the punitive damages award was excessive as a matter of law, because it does not bear a rational relationship to the amount of compensatory damages awarded. However, under the rule articulated in *Hawkins*, 331 N.C. 743, 417 S.E.2d 447, and in view of our holding in *Jennings v. Jessen*, 103 N.C. App. 739, 407 S.E.2d 264 (1991), we must disagree.

In *Jennings*, the jury awarded the plaintiff $200,000.00 in compensatory damages and $300,000.00 in punitive damages for alienation of affections. This Court reversed the award of compensatory damages based on our determination that the evidence was insufficient to support the award. Nevertheless, we concluded that the $300,000.00 punitive damages award was supported by the evidence

and, thus, could "stand alone." *Id.* at 744-45, 407 S.E.2d at 267. In rendering this decision, we relied on the rule stated in *Hawkins*, 101 N.C. App. 529, 400 S.E.2d 472, that nominal damages may support an award of punitive damages. We held that the plaintiff had established her claim and was, at least, entitled to nominal damages; therefore, "*Hawkins* compels the conclusion that the order awarding plaintiff punitive damages must be affirmed." *Id.* at 745, 407 S.E.2d at 267.

As we previously held, plaintiff produced sufficient evidence to submit the issue of punitive damages to the jury, and since plaintiff received $1.00 in compensatory damages, the test for awarding punitive damages under *Hawkins* was met. It was within the jury's discretion to determine the amount of punitive damages to award the plaintiff, and the fact that this amount greatly exceeded the amount awarded in compensatory damages does not, by itself, warrant a new trial. *See id.* Therefore, we hold that the trial judge did not abuse its discretion in denying defendant's motion for a new trial on the issue of punitive damages.

Having examined defendant's remaining arguments in view of the foregoing analysis, we conclude that they do not amount to reversible error.

No error.

Judges LEWIS and WALKER concur.